Mail 8/13/2012    Appellant Brief
    Date _____    Appellee Brief
Reply Brief Date _____    Appellant

2nd circuit No. 12 - 6074   Intke

2009 BK - 50026
    Notes of BK pg 2
    - Applied Laws 12/1/09 Instruction form B17
    - transcript form

U.S Courts
Clerk of Court    8/13/2012
BK-09-50026 SD of NY
(No. 12-6074) Appeal
Please find Brief of Appellant
(Open Brief) for filing along with
Attachment(s) + MO plus IFP
+ Pro Se
register

Mgou Neemer

RECEIVED
SEP 20 2012
CHAMBERS OF
RICHARD J. SULLIVAN
U.S.D.J.

# All Purpose Acknowledgement

State of: _Missouri_

County of: _Clay_

On this _13_ day of _August_, before me
_Christa N. Garza_, a Notary Public, personally appeared
_Marjorie A. Cleaner_,
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

Witness my hand and seal:

CHRISTA H. GARZA
My Commission Expires
February 16, 2014
Clay County
Commission #10502941

Printed Name: _Christa N._
My commission expires: _CHRISTA H. GARZA_

(Seal)

DESCRIPTION OF ATTACHED DOCUMENT: _Case No 12-6074_

Title or Type of Document: _IFP + Motion_

Document Date: _8/13/2012_ Number of Pages: _3 plus_

Signers other than named above: _None_

# Request for Purchase

*Library staff: complete form online.* **Only typed forms will be accepted** *. Inform customer that most purchase requests take 2-3 months to process, and there is no guarantee that the material will be purchased by MCPL.*

Date: 8.13.2012

Requestor Name (Required): Marjorie A. Creamer

Library Card Number (Required): 20005012520909

Phone: 7852591460

Email: THEHUSH91@HOTMAIL.COM

## Please provide as much of the following information as possible:

Format (select one):   ☑ Book   ☐ Large Print Book   ☐ Music CD

☐ DVD   ☐ Audiobook   ☐ Downloadable Audiobook   ☐ eBook   ☐ Other:

Title: The Hush

Author/Artist: Marjorie A Creamer

☐ PrePub   ☑ Approximate publication date: 2005

Title verification information:   Where did the customer hear about the title?

Note: verification is not required for eBooks or downloadable audiobooks

      Website (URL): www.xlibris.com

      Magazine/Newspaper (Publication title):

      Radio (Station):

      Television Show (Name and network):

      Other:

Title information located (source): Website or author

Staff Name: Jean Root

Branch: SM

**Accepting materials with a request for purchase:**  If a library customer is providing a copy of a material with the request for purchase, give the customer a *Request for Purchase Information Sheet* before accepting the item. In the space below, provide a contact name and phone number or email address, the price of the item, and other necessary purchasing information.

Print and send the completed form to the Acquisitions Manager, Audiovisual Collection Development Librarian, or Reference Resources Manager (eBooks).

11/19/2010                                                                                                              21-0310

DIST of SD of NY
UNITED STATES Court APPEAL CRT
2ND APPEAL CIRCUIT COURT

MARJORIE A. CREAMER
          V.
MOTORS LIQUIDATION COMP.
        COMPANY
(f/k/a GENERAL MOTORS CORPORATION)

Case No. 12-CV-6074
SD of NY
   BK No. 09-50026

OPENING BRIEF by APPELLANT

AFTER CERTIFICATE ENTERED ON DOCKETING of
BANKRUPTCY COURT  28 U.S.C. § 158(d)(2), FED.
RULE of APP PRO 5(a), APPEAL COURT ASSIGN
CASE NO. 12-CV-6074. MARJORIE A CREAMER
SUBMITS THIS BRIEF TO THE HONORABLE JUDGE
SULLIVAN IN AND OF SOUTHERN DISTRICT of
NEW YORK PURSUANT TO RULES of FEDERAL
PROCEDURES AND EVIDENCE. ON THE BANKRUPTCY
FILED JUNE 2009 CASE NO. 09-50026, re:
CHEVY COBALT 2006 year Vin#1G1AL55F36-
7780039 PURCHASED NEW WITH Amount
$18,799.00 CASH. STATEMENT

ON APRIL 26, 2012 A HEARING ON A PHONE CONNECTION OF WHICH APPELLANT HAD A DISCONNECT (doc. of Motion Mistrial filed May 29, 2012) heard for Claim Nos. GIVEN TO CREDITOR BY GARDEN CITY GROUP for Claims # 71249

# 48506 IN BANKRUPTCY COURT

Because FILED IN KANSAS U.S DIST COURT CASE NO. 11-4028 and 10th CIRCUIT COURT APPEAL CASE No. 11-3558 AND NO ATTORNEY WOULD REPRESENT ME. ACTING AS PRO-SE AND AS STAY OF BANKRUPTCY for MOTORS LIQUIDATION COMPANY (MLC), debtor (defendent)

NO ANSWER ON TIME, SO DEFAULT of ANSWER AS MLC entered STAY. (doc. filed or submitted Dec. 28, 2011) WHEREBY, LOSSES AND ASSETS AND OTHER ISSUES DECIDED; MLC DID NOT CONSIDER HUMAN LIVES, COSTS - LOSSES in BANKRUTCY.

(2)

## ISSUE

IN APPELLANT'S OPENING BRIEF/TRANSCRIPT OF APRIL 26, 2012 HEARING WHICH OMITTED MS. CREAMER'S ARGUMENT of U.S CODE AND WAS TYPED TWICE, "OMITTED ISSUE NOT RAISED IN DOCKETING STATEMENT THE PAGE 60 of COSTS, HUMAN LIVES (OF ALL 55 thru 61 MS. CREAMER'S HEARING — WHAT ABOUT pages 2 thru 54) THIS CASE NOT WASTING MONEY AS ( CRUZ, CNN attachment ) (413,000 autos RECALLED) APRIL 26, PAGES 2 thru 54 of transcript are of DEATHS CAUSED BY COBALT. MS CREAMER CASE NOT WASTING MONEY OF GM (MLC). GM IS WASTING MONEY AND LIVES. DEAD of LIFE WOULD BE BETTER, NOT.

Conclusion  RELIEF IS SOUGHT FOR MS CREAMER from MLC and BK COURT

(3)

SYSTEM OF ALLEGATIONS of

A CASH PAID for NEW 2006 CHENY COBALT and failure to Notify Consumer to protect herself from a KILLER AUTO, while filing 2009 year Bankruptcy to cover up losses, just whose losses of RE-Organizations COSTs are we talking about and

Submit AUG 13, 2012 Myne Whuamer
- Dec. 28. 2011 No. 11-3358 Motion Gm President
- Jan 13, 2011 Letter to Gm President
- April 26 2012 Transcript PG 1, 55-61
- may 29 2012 Mistrial motion
- June 26. 2012 Endorsed Order Judge Gerber

Cert of Mailing
Appellants Brief mailed to:

Clerk of Court
SD of NY
500 Pearl Sth.
NY NY 10007

Weil Gotschal Menges LLP
attorney for appelle
Debtors
767 5th Ave
NY NY 10153

Stephane Green Shapiro
Dick Stren Shapiro

(4)

TO:12813412689        P.1/1

Marion A Creamer

705 S. Monroe

Smith Center Ks 66967

785-259-1460

~~~ 13, 2011

2nd Appeal Circuit Court

NO. 12 - 6074

Product allegation service request

(purchased new) #71-762-294405

RE: 2006 Cobalt LT Sedan

Vin. 1G1AL55F367780039

Dear Mark L Reuss Vice President +
President, GM
North America

Writing to get some relief as to the
defective vehicle manufactured by GM. This
above referenced vehicle caused a wreck on
Sept 24, 2009. My injuries were severe and
totaled th vehicle, approx 37,000 miles, at th time.
In March 2010, a recall on cobalts, mega car was
one with a defective steering motor. Also,
the rear frontal impact should have deployed th
air bag. Did not. Air bag would have saved from injuries.
I would think GM would replace my
car with a new one; as their product is defective and also
help in assist with injuries, pain and suffering
Please contact me as soon as possible

Thankyou
Marion A Creamer

*Find other similar Circuit Cases* —

UNITED STATES COURT OF
APPEAL in the 16th Circuit

*My Copy*

MARJORIE A LEFANCE,

v.

GENERAL MOTORS
CORPORATION, MOTORS
LIQUIDATION COMPANY

No. 11-3359
CLOSED

Re-Open
Motion of Default
in Lower Court JUNE 6 2011

Pursuant to Fed Rule Civ Pro 55(a))
Defendants failed to follow the rules as no
answer provided and and order from S.D of New
York, Case 10 cv 4322 (JGK 2011 WL 2462773)
not filed until June 20, 2011 of which I agreed to
(without prejudice) civil action and no court as of yet decision of
bankruptcy confirmed, so therefore no bankruptcy &
Stay until June 20, 2011.   Submitted, Dec 29, 2011

*[signature]*
*with the justice having*
*IRC 58*

Clerk of US Appeals Court
Show 1823: Byron White United States Courthouse (3 ...)
Denver CO 80257

01/19/2012  11:29 FAX                                          ☑ 001/001

Global Warranty Management                     *Marjorie Creamer*          Page 1 of 2

| 📧 **Global** | Patricia Schlyer | ☐ Update My Profile<br>☐ Logout |
| --- | --- | --- |
| | January 19, 2012 | |

Global Warranty Management: Main > Interface With Customer > View Vehicle Summary

**INTERFACE WITH CUSTOMER**

## View Vehicle Summary                                          | ☎

This screen allows IVH users to view the Summary of Vehicle Information, Field Actions, Service Information, Applicable Warranties, Transaction History, Service Contract(s) if applicable, Warranty Block, Branded Title Information and OnStar and XM Radio Information (if applicable).

**For this vehicle:**
→ View Vehicle Summary

Service Contract
→ Branded Title
→ Warranty Block

### Vehicle Information

VIN: 1G1AL55F367780039                    Model: 1AL69-2006 COBALT LT SEDAN

Service Contract: No     Branded Title: Yes     Warranty Block: Yes     PDI Status: No

Order Type: 70 - RETAIL - STOCK

Field Actions: 1 Open

View Vehicle Build
View Vehicle Component Summary
View Vehicle Transaction History Detail
View Vehicle Delivery Information

Investigate Major Assembly History

### Required Field Actions

Open field actions are highlighted

| Type | Number | Original Nbr | Description | Release Date | Status |
| --- | --- | --- | --- | --- | --- |
| Product Emission Recall | N080090 | 08090 | ENGINE FUEL INJECTORS - REPLACE | 01/22/2007 | Closed |
| Product Safety Recall | N100023 | 10023 | LOSS OF POWER STEERING ASSIST - REPLACE ELECTRIC POWER STEERING MOTOR | 03/18/2010 | Open |

### Branded Title

*The VIN information contained herein and information derived therefrom is the proprietary property of the Polk Company and is to be used only for the purpose of warranty verification and shall not be used for any other purpose whatsoever.

Brand Description: SALVAGED

Title Number: R1588243

Reported By: KS

Date Branded: 11/01/2009

Reporting Source Code:
Effective Date: 02/26/2011

*[handwritten: loss steering - turned U on midway hitting utility Pole wires hanging over car as I was knocked out.]*

### Warranty Block

| Code | Description | Effective Date |
| --- | --- | --- |
| BT | BRANDED TITLE | 12/04/2009 |

Block Transaction Types:
ZPDI
ZPTI
ZREG
ZSCT

Blocked Labour Ops:

*[handwritten: ACCT DEO. / TIRES TOM Manuf. PASSENGER TIRES EXPLODED]*

### Service Information

Vehicle has no current record of outstanding service information.

*[handwritten: KRCK]*

https://www.autopartners.net/apps/gmvis2/gmvis2/showVehicleHistorySummary.do?VIN=1G1AL55F3677...  1/19/2012

Page 1

1  UNITED STATES BANKRUPTCY COURT

2  FOR THE SOUTHERN DISTRICT OF NEW YORK

3  Case No. 09-50026 (REG)

4  - - - - - - - - - - - - - - - - - - -x

5  In Re:                    *2nd Appeal Circuit Court*

6                            *No. 12-6074*

7  MOTORS LIQUIDATION COMPANY, et al.,

8  f/k/a General Motors Corp., et al.

9

10                 Debtors.

11

12  - - - - - - - - - - - - - - - - - - -x

13

14                 United States Bankruptcy Court

15                 Southern District of New York

16                 One Bowling Green

17                 New York, New York  10004

18

19                 April 26, 2012

20                 9:45 AM

21

22  B E F O R E:

23  HON. ROBERT E. GERBER

24  U.S. BANKRUPTCY JUDGE

25

General Motors Corp., et al.

Page 55

1    MS. CREAMER:   Because the new GM is under another

2    liquidation (indiscernible 11.12.25)department bankruptcy.

3    (indiscernible) my car was purchased, it was a 2006

4    (indiscernible 11.12.34). I'd never buy another Chevrolet,

5    ever.  They've got problems.

6          THE COURT:   Uh huh.

7    MS. CREAMER:   And that's why Obama?(indiscernible

8    11.12.54)filed bankruptcy. All these people that are dying?  I

9    should've died.  In fact, I think I did die when I hit my head

10   on my (indiscernible 11.13.01).  I hit a totem-pole.  It's very

11   serious.  You guys (indiscernible 11.13.08) about people's

12   lives.  But you don't understand, (indiscernible 11.13.15) and

13   the people that are working in the factories, that's not their

14   fault.  Somebody up there knows, that those cars power-steering

15   (indiscernible 11.13.24) and they didn't do anything about it.

16   Some (indiscernible 11.13.26) went out 35,000 miles

17   (indiscernible 11.13.30). Mine did. Mine was one of them

18   (indiscernible 11.13.32) after the fact that the accident was

19   called an accident. I filed under "old" but I also filed under

20   "new" which is another (indiscernible 11.13.43) of claim

21   numbers.  It happens.

22          THE COURT:   Okay.  I've read your letters, Ms.

23   Creamer.  One of your letters, the one that's dated January 13,

24   2011, says that the car-wreck took place on September 24, 2009.

25          MS. CREAMER:   Can I interrupt you, Your Honor?

General Motors Corp., et al.

Page 56

1    THE COURT:   No.  You may not interrupt me.  My

2  question to you is: Is that date still correct?

3    MS. CREAMER:   No.  It actually happened when I

4  purchased the car.  (indiscernible 11.14.16) When I drove it

5  off the lot, it was defective (indiscernible 11.14.21) from the

6  day I purchased it. (indiscernible 11.14.28).

7    THE COURT:   All right. Do you have anything further

8  to say to me before I give Ms. Greer a chance to reply?

9    MS. CREAMER:   Yes, I do.

10    THE COURT:   Go ahead.

11    MS. CREAMER:   (indiscernible 11.14.46) issue, I just

12  listened to number three on the conference call about the

13  airbags not inflating (indiscernible 11.14.54) off to the side.

14  I tried to talk to GM, their officials, their claim agents,

15  everybody and when it got down to the point that it was the

16  steering (indiscernible 11.15.05) nobody would talk to me.

17  Because they knew they were in trouble.  And they knew they had

18  to get out.  And how were they gonna get out?  Flying through

19  your court system?  It's still a (indiscernible 11.15.20) card.

20  It is. The Volt has caught fire for being a new electric car.

21  It's called Consumer Protection in America.  What do want

22  (indiscernible 11.15.33) cars?  Please. (indiscernible

23  11.15.35) Why?  Aren't we better than that?  I think Obama

24  failed.   That's where Congress is wrong.  My car was wrong.

25  (indiscernible 11.15.50) what would've happened to them?  It

Case 1:12-cv-06074-RJS   Document 8   Filed 09/21/12   Page 14 of 21
09-50026-reg Doc 11868-2 Filed 06/26/12 Entered 06/26/12 09:04:00 Exhibit B Pg 5 of 9

General Motors Corp., et al.

Page 57

1    just happened I was on an old highway by myself when it went

2    out.  And thank God of that.  Because you don't have to pay

3    farm-women to (indiscernible 11.16.02).

4             THE COURT:   Okay.  Ms. Greer, you may reply.

5             MS. GREER:   Your Honor, of course the GUC Trust

6    refutes -- I mean, all the facts asserted by the claimant.

7    Certainly, just to reiterate, Your Honor, that not only are

8    claims related to accidents occurring after -- after the July

9    10, 2009 all liabilities in connection with those accidents

10   were assumed by new GM.  So were Lemon Law claims, Your Honor,

11   so to the extent she's asserting those claims which are not in

12   the pleadings, but those are all new GM claims.  So, Your

13   Honor, based on that we'd ask that the claim be expunged.  I'd

14   also mention, Your Honor, that we've heard quite a bit from Ms.

15   Creamer and I'd like to ask for language in the order which  --

16   which basically gives us some leeway to the extent she

17   continues to file pleadings, that we don't need to respond to

18   them unless Your Honor asks us to.

19             THE COURT:   Okay.
                      CREAMER
20             MS. GREER:   Your Honor, I'd like to have a rebuttal

21   on that.

22             THE COURT:   I beg your pardon.  You were speaking

23   over Ms. Greer, so I didn't hear you, Ms. Creamer.

24             MS. GREER:   I would like to have a rebuttal on that.

25             THE COURT:   Yes you may.  Limited to the --

General Motors Corp., et al.

Page 58

1       MS. GREER:   A Creditor --     *No.12-6074*

2       THE COURT:   -- new stuff she said.   *Appeal 2nd Circuit*

3       MS. CREAMER:   It is. *and* 2nd *transcripts*

4       THE COURT:   Go ahead.   *after Corrections*

5           MS. CREAMER:   A creditor is a person, corporation,

6   entity owed a debt by the debtors and has responded before the

7   date, on or before the date of the bankruptcy filing, 11 U.   *11 USC /01(10)*

8   period-S-period-Z-period, 101 (indiscernible 1:17:43) 30, on or

9   before the date of the bankruptcy filing.  It arose when I

10  bought that car.  You can say whatever you want to say, but

11  it's (indiscernible 1:17:47) from right there in your -- in

12  your good (indiscernible 1:17:49) on your code.  And if they're

13  unsecured debt.

14          THE COURT:   Okay.  All right, everybody sit in place

15  for a second.  All right, in this contested matter in the

16  Chapter 11 case.  May I ask for silence while I'm dictating a

17  decision, please.  Court Call, do you have any idea what all

18  this noise is, and where it's coming from.

19          COURT CALL OPERATOR:   Yes, Your Honor, it's coming

20  from Ms. Creamer's line.

21          THE COURT:   Ms. Creamer, can I ask you to keep quiet

22  on your end of the line, please.  Thank you.

23          MS. CREAMER:   (indiscernible 1:18:47).  I'm sorry.

24          THE COURT:   I couldn't hear what -- what you said.

25  All right, I'm going to start over again.

General Motors Corp., et al.

Page 59

1      In this contested matter in the Chapter 11 case of Motors

2   Liquidation Company, formerly known as General Motors, the GUC

3   Trust objects to the claim of Marjorie Creamer in the State of

4   Kansas.  As stated in her letter of January 13, 2011, she

5   bought a GM vehicle that caused a wreck on September 24, 2009,

6   causing severe injuries.  It is alleged, and for the purpose of

7   this analysis, I take it as true, that she bought the vehicle

8   back in 2007.  So we have a situation where the vehicle was

9   bought back then, is alleged to have been a lemon or otherwise

10  defectively manufactured, but the wreck only took place on

11  September 24, 2009.

12      It is undisputed, or should be, that under the sale

13  agreement, new GM assumed all liabilities to third parties for

14  death, personal injury, or other injury to persons, or damage

15  to property caused by motor vehicles, which arose directly out

16  of death, personal injury or other injury to persons or damage

17  to property caused by accidents or incidents first occurring on

18  or after the closing date.  And it is also undisputed that the

19  closing date was back in July of 2009, several months before

20  the wreck that caused the property and the severe injuries.

21      Motors Liquidation, which is old GM, has moved to

22  dismiss the -- expunge the claim, and I'm granting that. The

23  reason for it, and it's actually good news for Ms. Creamer, is

24  that new GM assumed this liability.  You have the right, Ms.

25  Creamer, to go after new GM, and if you succeed in your lawsuit

*[Handwritten annotations: "2nd", "after", "Correction", "573", "No. 12-6074", "2nd Appeal Court", "page added for Court case 60 of transcript before EXHIBIT A", "th", "Co", "e"]*

**400,000 Chevy Cruze**

2012 2:20 PM ET



...rs will modify an engine shield that could create a fire hazard

NEW YORK (CNNMoney) – General Motors is recalling 413,418 Chevrolet Cruze small cars ... could create a fire hazard.

The engine shield, a large plastic piece that is installed under the front of the car to protect the engine, could trap oil that is accidentally spilled or dripped during oil changes.

Also, in cars with manual transmissions, driving with a worn clutch can cause burning hydraulic fluid to squirt from the clutch housing. The flaming fluid can ignite the engine shield leading to an engine compartment fire.

In a separate action involving some of the same cars, GM dealers will also inspect welds in the rear compartment to ensure they were properly applied. As many of the 249 of the cars may have incomplete welds.

The recalls involve all Cruzes built in the United States from September 2010, when the car first went into production in the U.S., through May, 2012.

**Coolest cars under $18,000**

The recalls follow a preliminary investigation by the National Highway Traffic Safety Administration into two engine compartment fires in 2011 Chevrolet Cruzes.

There are no known crashes, injuries or fatalities related to either recall, GM said in a press release Friday.

GM (  **GM, Fortune 500**) dealers will modify the engine shield by cutting away parts of it, creating holes that will allow fluids to drip through. The modification process that will take about 30 minutes. Owners should make an appointment with their dealers "at their earliest convenience," GM said in a statement.

Weld repairs, if necessary, will take about three hours, GM said.

Notification letters will be mailed to owners beginning July 11.

The Cruze compact car was GM's replacement for the Chevrolet Cobalt. It was the company's best-selling car model last year.  ▪

First Published: June 22  2012  1 24 PM ET

General Motors Corp., et al.

Page 60

1  against new GM you can get money and not stock. So, you're

2  going after the wrong entity. Now, I - I sense from your oral

3  argument that you're upset, but you're actually in a better

4  position than you thought you were, because you have the right

5  to go against an entity that's continuing in business, and if

6  you can prove your claim you can get money from them and not

7  stock. But by the same token the history of this matter does

8  indicate a lot of vexatious litigation. I'm not exactly sure

9  why there's been a misunderstanding as to who the right entity

10 is to go after, why you want to proceed against old GM, Ms.

11 Creamer, when you can go against new GM, which has more in the

12 way of resources to satisfy your claim. But in any event, yes.

13 I'm not going to issue a Martin-Trigona order, but there has

14 been too much going on, so the order can and should provide,

15 Ms. Greer, not just that the claim is expunged but that if Ms.

16 Creamer files anything further in this Court, or in any Court,

17 you don't have to respond to it unless and until I issue an

18 order saying that you need to respond. I'm not otherwise

19 imposing sanctions, not against a pro se plaintiff -- claimant.

20 But again, this is costing old GM's other creditors a lot of

21 money and every time you have to show up in Court, and I'm

22 telling you, you don't need to do it any more.

23         MS. GREER:    Thank you, Your Honor.

24         THE COURT:    All right.

25         Ms. Creamer, I don't expect you to agree with my

General Motors Corp., et al.

Page 61

1    ruling, but do you understand it?

2              COURT CALL OPERATOR:  Excuse me, Your Honor, this is

3    the Court Call Operator.  Ms. Creamer disconnected at 11:41.

4              THE COURT:  Okay, that was about two minutes ago,

5    huh?

6              COURT CALL OPERATOR:  Yes, Your Honor.  I did not

7    want to interrupt you.

8              THE COURT:  Sure.  I understand.

9              All right, nevertheless we must continue.  Ms. Greer,

10   you're to settle an order in accordance with the forgoing?

11             MS. GREER:  YES Your Honor, will do.

12             THE COURT:  Okay.  What else do you have?

13             MS. GREER:  Your Honor, I think I'm all done and I'd

14   ask if I could be excused unless you have any questions --

15             THE COURT:  No.

16             MS. GREER: -- or anything further.

17             THE COURT:  You may be excused.  And the folks who

18   are UAW members and are here on health care members -- matters,

19   I'll hear those next.

20             MS. GREER:  Thank you, Your Honor.

21             THE COURT:  Sir, I understand you're one of the UAW

22   folks.  Would you come up to the plane -- the main counsel

23   table please, and speaking into the microphone just tell us

24   your name and I'll give you a chance to be heard in a couple of

25   minutes.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - . . - - - - — — —✱

IN RE: Chapter 11 Case No.

RECEIVED
MAY 29 2012
U.S. BANKRUPTCY COURT

MOTORS LIQUIDATION COMPANY et al
09-50026 (REG)
f/k/a General Motors Corp., et al

Debtors: (Jointly Administered)
- - - - - - - - - - - —✗

MISTRIAL MOTION ✓✓✓✓
ORDER FROM TRANSCRIPT or HEARING VIA
phone on April 26, 2012 IS NOT LEGAL. THE
TRANSCRIPTION OF THIS HEARING AFTER
BEING TRANSCRIBED IS NOT CITING THE
U.S. CODE THAT; MS. CREAMER ARGUED,
DURING HEARING AND DISCONNECT OF
INCOMING CALL ON HER PHONE DURING THE
TRIAL HEARING OF APRIL 26, 2012 OF STEERING
PRODUCT SAFETY RECALL OF DEFECTIVE MOTOR
MOTOR ON 3, 2010 when the STEERING MOTOR
DEFECTIVE TIME OF PURCHASE 2007 of 2006
CHEVY FATORY and MANUFACTURED IN USA with 18%
COBALT IN MEXICO, RECALL IN MARCH 2010 AFTER
SE/PT FACT OF ACCIDENT CAUSED BY STEERING FAILURE
SPORT ON SEPTEMBER 24, 2009. SUBMITTED MAY 22
CORVETTE                                           2012
Am satellite                    Myra A Creamer
                                    THE HOUSH
                                    705 S. Monroe
                                    Smith Center Ks
                                              66267

Cert of Mailing - Attorys
1633 Broadway NY NY 17019
CLERK OF COURT / JUDGE GERBER        785-259-1460

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :    Case No.: 09-50026 (REG)
f/k/a General Motors Corporation, et al.,           :
                                                    :    (Jointly Administered)
                     Debtors.                       :
                                                    :

ENDORSED ORDER:

Deeming Ms. Creamer's letter to be a motion for reargument under Fed.R.Bankr.P. 9023
or 9024, or Local Bankruptcy Rule 9023-1, reargument is denied. After review of Ms.
Creamer's letter, and the transcript of the hearing insofar as it dealt with Ms. Creamer's
claim, the Court must conclude that the motion fails to identify any matters or controlling
decisions that the Court did not consider.

The Court was told by Court Call that "Ms. Creamer disconnected" during the time the
Court was dictating its decision. (See Tr. at page 61). Ms. Creamer was not deprived of
the opportunity to present any part of her argument.

However, to assist Ms. Creamer in the event she wishes to appeal, a copy of the
transcript, including the Court's ruling in full insofar as it addressed Ms. Creamer's
claim, is attached to this order. During the Court's review of the transcript when
considering Ms. Creamer's motion for reargument, the Court corrected the transcription
errors in the transcript, and if there are any further proceedings involving use of the
transcript, the corrected transcript should be used instead.

Ms. Creamer is reminded of the Court's holdings that she could still assert any claims she
might have with respect to the accident against New GM, and that the Court was not
going to affect any rights she might have in that regard in any way. Her claim arose
when the accident took place and the injury was suffered, after the sale of Old GM's
assets to New GM. Though she bought her vehicle before the sale, the Court's sale order
permitted claims of that character to be asserted against New GM. The Court suggests,
but does not order, that in deciding whether she wishes to appeal, Ms. Creamer keep that
in mind.

Dated: New York, New York            _s/Robert E. Gerber___
       June _26_, 2012               United States Bankruptcy Judge